<div style="border: 1px solid black; padding: 10px;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2075-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

QAHIR HAMLET,

     Defendant-Appellant.

_____

Submitted August 2, 2021 – Decided August 12, 2021

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-01-0023.

Joseph E. Krakora, Public Defender, attorney for appellant (Marcia Blum, Assistant Deputy Public Defender, of counsel and on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Qahir Hamlet appeals from an October 31, 2017 order denying his motion for a Wade/Henderson[1] hearing relating to an on scene showup identification conducted by police incident to his arrest. We remand for further proceedings consistent with this opinion.

Early one morning in March 2017, several people attempted to hold up the victim, J.B.-G. According to J.B.-G., one of those individuals wore a blue hoodie and had a knife which he used to demand money. J.B.-G. fled to his apartment and contacted Carteret police who appeared on scene shortly thereafter. J.B.-G. told an officer he recognized the man in the blue hoodie as "Qua" and showed the officer a picture of defendant on Instagram.

Officers located defendant and another individual J.B.-G. did not know by name, but had also identified as one of the perpetrators by the color of his clothing, and conducted a showup with J.B.-G. sitting in the back seat of a tinted police vehicle. J.B.-G. identified defendant and the other person as participants in the hold up.

Defendant filed a motion for a Wade/Henderson hearing. In his brief, defendant argued as follows:

[1] United States v. Wade, 388 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011).

A-2075-18

Here, the police did conduct a form of show[]up upon arriving on the scene. It is not known how far away this so-called identification was made nor are any other details known.

. . . .

. . . [W]e do not know whether it was the alleged victim who pointed out the suspects or merely the police who were told something by others, noting that a description of [defendant] did not appear to be given. We do not know how far away he[2] was from where [defendant] was walking; how much time had passed; their[3] degree of attention; the degree of stress on the witness; or, any of the other Henderson factors.

The State opposed defendant's motion and argued defendant was not entitled to a hearing because "there was no evidence of suggestiveness presented" since J.B.-G. knew defendant, "identified [him] as Qua, but also showed the officer a picture he found of defendant on Instagram prior to the showup being conducted." Alternatively, the State argued even if Henderson applied, defendant "made no showing of suggestiveness in the system variables. Instead, defendant's sole argument is that there are unknown facts related to the estimator variable.[] Defense counsel does not even state that any of these

---

[2] It is unclear whether defendant was referring to J.B.-G. or an officer.

[3] See footnote two.

unknown facts created suggestiveness, or, if so, what suggestiveness they created."

The motion judge adjudicated the motion without oral argument at the State's request because the prosecutor had a scheduling conflict. Defense counsel did not oppose the request. The motion judge issued a written opinion in which he concluded the showup satisfied <u>Henderson</u> and was not invalid because it took place

> well within the two hour allotted time-frame [noted in <u>Henderson</u> and J.B.-G.] . . . provided the identification to the responding officer voluntarily, prior to the officer even asking for identification.
>
> Further, it is the [d]efendant's burden to prove suggestiveness with sufficient facts rather than blanketed accusations. The unknown facts asserted by the [d]efendant are known. The [d]efendant was walking right behind [J.B.-G.], so the original identification was based upon a close interaction with the [d]efendant. Furthermore, the victim knew the [d]efendant and provided a picture of the [d]efendant before the identification even took place. There was only an hour between the alleged crime and the show[]up. This [c]ourt finds the victim properly identified the [d]efendant and there is no evidence to indicate suggestiveness.

The judge denied the motion and the request for a hearing.

Defendant raises the following argument on this appeal:

POINT I – THE COURT ERRED IN DENYING A PRETRIAL IDENTIFICATION HEARING DESPITE THE VIOLATION OF SYSTEM VARIABLES ENUMERATED IN <u>STATE V. HENDERSON</u> AND EVIDENCE OF SUGGESTIVENESS THAT COULD HAVE LED TO A MISTAKEN IDENTIFICATION.

We have stated:

> Our standard of review on a motion to bar an out-of-court-identification . . . is no different from our review of a trial court's findings in any non-jury case. <u>See</u> <u>State v. Johnson</u>, 42 N.J. 146, 161 (1964). "The aim of the review at the outset is . . . to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." <u>Id.</u> at 162.
>
> . . . Appellate review of the trial court's application of the law to the facts, however, is plenary. <u>State v. Coles</u>, 218 N.J. 322, 342 (2014) . . . .
>
> [<u>State v. Wright</u>, 444 N.J. Super. 347, 356-57 (App. Div. 2016) (second alteration in original).]

"Showups are essentially single-person lineups:  a single suspect is presented to a witness to make an identification.  Showups often occur at the scene of a crime soon after its commission." <u>Henderson</u>, 208 N.J. at 259.  As that language suggests, showups have traditionally involved the witness seeing a single suspect live and in person.  <u>See</u> <u>id.</u> at 261 (ruling officers "should instruct witnesses that the person they are about to view may or may not be the culprit"); <u>State v. Herrera</u>, 187 N.J. 493, 504 (2006) ("showups by definition are

5

suggestive because the victim can only choose from one person, and, generally, that person is in police custody.").

In Henderson our Supreme Court adopted a framework to determine whether the process utilized by police to obtain eyewitness identification of a perpetrator was reliable or improperly suggestive, thereby requiring a hearing to determine the identification's admissibility. 208 N.J. at 288-96. The Court held that in assessing the identification procedure trial courts should consider "system variables," namely, factors relating to the identification that are within the State's control and include such things as lineup or showup construction, blind administration, pre-identification instructions, avoiding feedback, and recording confidence. The Court also held trial courts should consider "estimator variables," which are factors over which the State has no control as they relate to the witness, the perpetrator, or the event itself and include such things as distance, lighting, duration, weapon focus, racial bias, and stress. Id. at 248-67.

> To obtain a pretrial hearing, a defendant must present some evidence of suggestiveness tied to a system variable which could lead to a mistaken identification. [Henderson], 208 N.J. at 288-89. Under that standard, proof that an administrator offered positive feedback to a witness after an identification would justify a hearing. Because even a seemingly innocuous comment can falsely inflate a witness'

A-2075-18

confidence and contribute to a mistaken identification — for example, simply telling a witness that he or she did a "good job," id. at 291 — a hearing would be warranted under those circumstances.

[State v. Anthony, 237 N.J. 213, 233 (2019).]

An identification is not suggestive where it is confirmatory. State v. Pressley, 232 N.J. 587, 592 (2017). "A confirmatory identification occurs when a witness identifies someone he or she knows from before but cannot identify by name. For example, the person may be . . . someone known only by a street name." Id. at 592-93 (citations omitted).

In Anthony, the Court modified Henderson and held a defendant need not offer proof of suggestiveness tied to a system variable in order to be granted a hearing where police fail to record or make a verbatim record of the identification procedure. 237 N.J. at 233-34. The gravamen of Anthony was to stress the centrality of the recorded identification procedure to a trial court's consideration of the Henderson factors.

Defendant's arguments on this appeal are predicated on video footage of the showup. The State asserts this evidence was not presented to the motion judge in the first instance and we should not consider it as well. Defendant disputes this assertion and argues "the procedure conducted and recorded by the police that resulted in [his] identification was raised in the Wade motion . . . ."

7

It is apparent to us the motion judge did not have the benefit of the video evidence because his opinion makes no reference to it. This important evidence apparently would have enabled the judge to more fully and reliably assess the Henderson systems variables, including the circumstances, which defendant asserts were improperly suggestive, namely, that at some point an officer said "good job" to J.B.-G. after he identified defendant as the perpetrator. Although counsel should have furnished the video to the judge, we are loathe to evaluate the court's ruling based on a less-than-optimal record.

For these reasons, in the interests of justice, we remand the matter for the judge to consider the video evidence and make further findings. We hasten to add that our decision should not be construed as expressing an opinion regarding the necessity for an evidentiary hearing on remand.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2075-18